(May 23, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROBLES, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered September 21, 1989, convicting defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree and assault in the first degree, and sentencing him to consecutive indeterminate terms of imprisonment of twenty-five years to life, eight and one-third to twenty-five years, and five to fifteen years, respectively, unanimously modified, on the law, to reduce the conviction of assault in the first degree to assault in the second degree, and defendant is remanded for resentencing on that count, and except as modified, affirmed.

Defendant was convicted of murdering one man, stabbing and slashing a second, and wounding a third. Defendant testified that he defended himself against a homosexual assault. In that light, we find no merit to defendant's claim that the color photograph depicting the gaping gash in the deceased's neck had no probative value. (People v Pobliner, 32 NY2d 356, cert denied 416 US 905.) By the same token, defendant was not prejudiced by the brief testimony that two of the officers who responded to the call for help recoiled when arriving at the scene. The evidence of the first officer's counte-

nance was not hearsay, and the comments of the second officer added little to the stark testimony of the two victims who survived.

Next, guided by the careful consideration that the trial court gave to the matter, we find no merit to defendant's claim that denial of his request to call an expert on "homosexuals and attempted homosexual attacks" was error. Whether expert testimony is sufficiently relevant to have probative value is a determination to be made by the trial court in an exercise of discretion (*People v Aphaylath,* 68 NY2d 945, 947, *rearg dismissed* 69 NY2d 724; *De Long v County of Erie,* 60 NY2d 296, 307), and we find no abuse of discretion. It is noteworthy that the trial court's ruling followed defendant's testimony, and that the court found that defendant's testimony did not warrant an explanation by a psychiatrist. We find no reason to disturb the trial court's finding. The evidence that defendant, who feared eternal damnation, ferociously fought off a homosexual assault, was within the ordinary understanding of the jury. (*People v Cronin,* 60 NY2d 430, 433; *cf., People v Taylor,* 75 NY2d 277, 292.)

We reduce the assault in the first degree conviction, however, because the evidence does not establish beyond a reasonable doubt that defendant's third victim suffered "serious physical injury". (Penal Law § 10.00 [10].) This victim suffered two stab wounds, one at the base of the neck and one on the right shoulder. The record discloses that the wounds required irrigation and suturing and overnight observation in the hospital, and that thereafter, the victim had some trouble eating. He also stayed home from work for several weeks because he had difficulty walking. Taken together, this evidence does not establish a protracted impairment of health or protracted loss or impairment of the function of any bodily organ, and there is no evidence in this record that these injuries were life threatening or caused protracted disfigurement.

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach and Smith, JJ.