■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v JUAN CASTILLO and MANUEL HERNANDEZ, Respondents-Appellants. [604 NYS2d 220] —Appeals by the People from two orders of the same court, both dated July 25, 1991, which, following jury verdicts convicting the defendants of assault in the first degree and unlawful imprisonment in the first degree, modified the verdicts by reducing the defendants' convictions of assault in the first degree to assault in the second degree. Appeals by the defendants from two judgments of the Supreme Court, Queens County (Fisher, J.), both rendered September 12, 1991, convicting each of them of assault in the second degree and unlawful imprisonment in the first degree, upon jury verdicts as modified by two orders of the same court, both dated July 25, 1991, and imposing sentences.

Ordered that the judgments and orders are affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the People's contention, the Supreme Court properly modified the jury verdicts by reducing the defendants' convictions of assault in the first degree to assault in the second degree. To sustain a conviction of assault in the first degree, Penal Law § 120.10 (1), requires proof beyond a reasonable doubt that the complainant suffered a "serious physical injury", which is defined by Penal Law § 10.00 (10) as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement,

protracted impairment of health or protracted loss or impairment of the function of any bodily organ." While, generally, whether there was serious physical injury is a factual issue for the jury *(see, People v Rojas,* 61 NY2d 726; *Matter of Philip A.,* 49 NY2d 198), in this case, the court properly reduced the defendants' convictions of assault in the first degree to assault in the second degree.

As a result of the defendants' attack, the complainant suffered two stab wounds which required suturing. The complainant was treated and released from the hospital and was absent from work for the next two weeks. At trial, approximately 18 months after the attack, when asked whether he suffered any physical effects from the injuries which he had sustained, the complainant replied, "It hurts once in a while when the weather changes." Viewing this evidence in the light most favorable to the People *(see, People v Kern,* 75 NY2d 638, 658, *cert denied* 498 US 824; *People v Contes,* 60 NY2d 620, 621), we hold that the People did not produce sufficient evidence to establish that the complainant suffered either a "substantial risk of death" or "protracted impairment of health" within the meaning of Penal Law § 10.00 (10) *(see, People v Blunt,* 176 AD2d 741; *People v Robles,* 173 AD2d 337).

The defendants' contentions are either unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951; CPL 470.05 [2]) or without merit *(see, People v Banch,* 80 NY2d 610, 615-616; *People v Mahboubian,* 74 NY2d 174, 183-184; *People v Galloway,* 54 NY2d 396; *People v Marks,* 6 NY2d 67, *cert denied* 362 US 912; *People v Laguer,* 195 AD2d 483). Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.