■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON ORTIZ, Appellant. [644 NYS2d 794] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 8, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Probable cause to arrest requires the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the person to be arrested is the perpetrator (*see, People v Fernandez,* 185 AD2d 944; *People v De Bour,* 40 NY2d 210). The hearing court properly found that the police had probable cause to arrest the defendant for the murder of Danny Rojas since a witness had told the police that the defendant was the shooter. The witness told the police that she had seen the defendant shoot the victim from a car driven by the codefendant Danny Torres. Furthermore, she had known the defendant for several years, gave the police a description of the defendant, and told the police where the defendant lived.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or involve rulings of the court which constitute harmless error. Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.