■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BROUCELY BERUVAIS, Appellant. [648 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered June 29, 1994, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

As part of his pretrial omnibus motion, the defense counsel moved, *inter alia,* to suppress the surviving victim's identification testimony. The victim observed the defendant in a lineup after the police arrested the defendant based upon an undisclosed informant's tip. The defense argues that the police lacked probable cause to arrest the defendant, that the identification should have been suppressed as the fruit of an illegal arrest, and that the judgment should be reversed and a new trial ordered. We agree.

Probable cause may be supplied, in whole or in part, through hearsay information (*see, People v Parris,* 83 NY2d 342, 345; *People v Bigelow,* 66 NY2d 417, 423; *People v Cruz,* 191 AD2d 507, 508). Under the *Aguilar-Spinelli* rule, "when probable cause is predicated in whole or in part upon the hearsay state-

ment of an informant, it must be demonstrated that (1) the informant disclosed a sufficient basis for his or her knowledge, and (2) the informant was reliable" (*People v Jean-Charles,* 226 AD2d 395; *see, People v Parris, supra*). In order to satisfy the "basis of knowledge" prong, it is not necessary that the informant have personally viewed the criminal activity (*see, People v Jean-Charles, supra; People v Greene,* 153 AD2d 439, 444, *cert denied* 498 US 947; *United States v Button,* 653 F2d 319, 324, n 6; *United States v Spach,* 518 F2d 866; *United States v Romano,* 482 F2d 1183, *cert denied sub nom. Yassen v United States,* 414 US 1129). " 'What is required is information of such quality, considering its source and the circumstances in which it came into possession of the informant, that a reasonable observer would be warranted in determining that the basis of the informant's knowledge was such that it led logically to the conclusion that a crime had been * * * committed' by the defendant" (*People v Reid,* 184 AD2d 668, 669, quoting *People v Greene,* 153 AD2d 439, 444, *supra; People v Restrepo,* 87 AD2d 320, 323-324).

Absent an eyewitness account by the informant, "an informant's basis of knowledge may be verified by police investigation that corroborates the defendant's actions or that develops information consistent with detailed predictions by the informant" (*People v Bigelow, supra,* 66 NY2d, at 423-424). Where the information provided is derived solely from hearsay, and there is no indication of the source of the hearsay, it is not possible to determine the informant's basis of knowledge. Therefore, the evidence is insufficient to support a finding of probable cause (*see, People v Johnson,* 66 NY2d 398, 403; *People v Rodriguez,* 52 NY2d 483) and the ensuing lineup is the "fruit of [an] illegal arrest" (*People v Brown,* 205 AD2d 791).

Here, the police officer testified at the *Dunaway* hearing that he received a telephone call from a confidential informant who had provided him information on one prior occasion. During this telephone call, the informant told the officer where the defendant could be found and described his appearance. However, the officer did not inquire into how the informant knew that this individual was involved in the crime. Accordingly, the People failed to satisfy this prong of the *Aguilar-Spinelli* test and the police officer lacked probable cause to arrest the defendant. Since the lineup identification was the fruit of this illegal arrest, it should have been suppressed as well. Under these circumstances, we find that since the only evidence presented was the surviving victim's identification, and this identification should have been suppressed, the defendant is entitled to a

new trial and a hearing to determine whether an independent source existed for the victim's ability to identify the defendant (*see, People v Parris,* 83 NY2d 342, 350; *People v Burts,* 78 NY2d 20, 23; *People v Dodt,* 61 NY2d 408).

In light of our determination, we need not reach the defendant's remaining contentions. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.