■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MOULTRIE, Appellant. [657 NYS2d 900] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), rendered March 2, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent prison terms of $4^1/2$ to 9 years and 1 year, respectively, unanimously affirmed.

The challenged portions of the People's summation, to the extent that the issue is preserved, were responsive to defendant's summation (*see, People v Galloway*, 54 NY2d 396) and do not warrant reversal. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE AMON-RA, Appellant. [657 NYS2d 409] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered April 13, 1995, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of $3^1/2$ to 7 years and 1 year, respectively, unanimously affirmed.

There was ample evidence that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9) (*see, People v Rojas*, 61 NY2d 726), consisting of an inch-deep stab wound near the kidneys, resulting in, *inter alia*, overnight hospitalization with the use of a catheter and intravenous fluids to relieve difficult urination.

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.