**Jose ROBLES, Petitioner,**

**v.**

**Daniel SENKOWSKI, Superintendent of Clinton Correctional Facility, Respondent.**

**No. 97 Civ. 2798(MGC).**

United States District Court,
S.D. New York.

April 2, 1998.

Jose Robles, Dannemora, NY, pro se.

Robert M. Morgenthau, District Attorney of the County of New York by Morrie I. Kleinbart, Paul Harnisch, Assistant District Attorneys, New York City, for Respondent.

### MEMORANDUM OPINION AND ORDER

CEDARBAUM, Senior District Judge.

Jose Robles, a person in custody pursuant to the judgment of a state court, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent argues that the petition should be dismissed as time-barred. For the reasons set forth below, the petition is dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), effective April 24, 1996, amended 28 U.S.C. § 2244 to add the following time limitation:

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On September 21, 1989, petitioner was sentenced for murder in the second degree, attempted murder in the second degree, and assault in the first degree, after a jury trial in the Supreme Court of the State of New York, New York County. On May 23, 1991, the Appellate Division, First Department, unanimously reduced petitioner's conviction for assault in the first degree to assault in the second degree and otherwise affirmed the judgment of conviction. On September 13, 1991, the New York Court of Appeals denied petitioner leave to appeal. *People v. Robles,* 173 A.D.2d 337, 569 N.Y.S.2d 704 (1991), *lv. denied,* 78 N.Y.2d 1014, 575 N.Y.S.2d 822, 581 N.E.2d 1068 (1991).

On April 8, 1997, the Office of the Clerk of the Southern District of New York received the current petition. This petition is dated March 24, 1997. I treat the petition as filed on March 24, 1997. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se habeas petitioner "filed" his appeal when he delivered the requisite papers to prison authorities for mailing).

This petition was filed more than five years after petitioner's judgment of conviction became final and 334 days after the effective date of the AEDPA.

▇▇▇ The Court of Appeals has held that if a petitioner has had several years to contemplate bringing a federal habeas corpus petition, it is not necessary to accord him a full year after the effective date of the AEDPA before applying the one-year statute of limitations. *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997). This petition, filed 334

days after April 24, 1996, was not filed within a reasonable period.

Accordingly, the petition is dismissed.

SO ORDERED.