■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BROWN, Appellant. [682 NYS2d 229] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Rios, J.), rendered September 19, 1996, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered, to be preceded by a hearing to determine the existence of independent source for the identifications.

As part of his pretrial omnibus motion, the defendant moved to suppress the victims' identification testimony. Three victims separately observed the defendant in a lineup after the police arrested him. The defendant argues that the police lacked probable cause to arrest him, that the identifications should have been suppressed as the fruits of an illegal arrest, and that the judgment should be reversed and a new trial ordered. We agree.

Probable cause to arrest requires the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed and that the defendant committed or is committing that offense (*see,* CPL 140.10; *People v Bigelow,* 66 NY2d 417, 423; *People v McRay,* 51 NY2d 594, 602; *People v De Bour,* 40 NY2d 210; *People v Ortiz,* 229 AD2d 451). While probable cause for a warrantless arrest may be supplied, in whole or in part, by hearsay information (*see, People v Parris,* 83 NY2d 342, 345; *People v Bigelow, supra,* at 423), the two components of the *Aguilar/Spinelli* test—(1) that the informant has some basis of knowledge for the information transmitted to the police, and (2) that the informant is reliable—must be demonstrated (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v DiFalco,* 80 NY2d 693; *People v Johnson,* 66 NY2d 398, 402; *People v Bigelow, supra; People v Beruvais,* 231 AD2d 733; *People v Jean-Charles,* 226 AD2d 395; *People v Cruz,* 191 AD2d 507).

Here, a detective testified at the *Dunaway* hearing that four days after the subject robbery, an anonymous caller telephoned the precinct and provided information that the individuals who had robbed "the video store on Northern Boulevard" were three male Jamaicans who were in a charcoal gray, Nissan 300 ZX automobile. The unidentified caller provided the police with the license plate number of the vehicle, but did not provide any

further description of the individuals. The caller failed to disclose how he or she learned of the facts furnished to the police. The police also obtained information from one of the victims that, days after the robbery, she observed one of the robbers in a gray car. The victim did not provide the police with the make or the license plate number of the vehicle that she observed. She also did not give a description of the person that she had seen in the gray car.

When a police patrol unit spotted the gray vehicle bearing the license plate mentioned by the anonymous caller, the police seized the vehicle, arrested the occupants, one of whom was the defendant, and transported them to the precinct. While at the precinct, the defendant was not free to leave. Three victims later identified him in separate lineups.

Under the circumstances of this case, the police lacked probable cause to arrest the defendant. The basis of the arrest was the information supplied by the anonymous caller and the scant account by one of the victims of her observations of a purported robber in a gray car. Since the lineup identification was the fruit of this illegal arrest, it should have been suppressed. The defendant is entitled to a new trial, and a hearing to determine whether an independent source existed for the victims' ability to identify him (*see, People v Dodt,* 61 NY2d 408, 417-418; *People v Beruvais, supra*).

Were we not reversing on the ground that the police lacked probable cause to arrest the defendant, we would reverse on the ground that the prosecution's conduct during summation was improper and prejudicial to the defendant. The prosecutor's comment on the defendant's failure to testify, as well as his misstatements concerning the evidence and references to matters not in evidence, were improper and denied the defendant a fair trial (*see, People v Whalen,* 59 NY2d 273; *People v Ashwal,* 39 NY2d 105).

In light of our determination, we need not reach the defendant's remaining contentions. Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.