■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FLORES, Appellant. [714 NYS2d 528] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 22, 1998, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing (McGann, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to resubmit any appropriate charges to another Grand Jury (*see, People v Gonzalez,* 61 NY2d 633; *People v Beslanovics,* 57 NY2d 726; *People v Mayo,* 48 NY2d 245); and it is further,

Ordered that after service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correction pending resubmission of the case to a Grand Jury and the Grand Jury's disposition thereof (*cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt of gang assault in the second degree beyond a reasonable doubt as the evidence was insufficient to establish that the victim sustained a "serious physical injury" within the meaning of Penal Law § 10.00 (10) (*see, People v Amon-Ra,* 239 AD2d 200; *People v Castillo,* 199 AD2d 276; *People v Robles,* 173 AD2d 337).

Since we have found the evidence legally insufficient to convict the defendant of gang assault in the second degree, and since he was acquitted of the other charges in the indictment, double jeopardy principles require dismissal of the indictment (*see, People v Mayo,* 48 NY2d 245). Further prosecution of an appropriate lesser-included offense is not precluded pursuant to a new indictment, however, and the People are granted leave to resubmit any appropriate lesser included charge to the

Grand Jury (*see, People v Sanchez,* 209 AD2d 265; *People v Lopez,* 177 AD2d 510).

Were we not dismissing the indictment on the ground that the evidence of serious physical injury was legally insufficient, we would reverse and grant a new trial on the ground that the Supreme Court erred in denying that branch of the defendant's omnibus motion which was to suppress identification evidence. The People failed to establish at the suppression hearing that the defendant's arrest was supported by probable cause. It is well settled that neither the mere presence of an individual at a scene of criminal activity nor an individual's flight, without any other indicia of criminal activity, establishes probable cause (*see, Ybarra v Illinois,* 444 US 85, 91; *People v Martin,* 32 NY2d 123; *People v Ross,* 67 AD2d 955). Here, the defendant's presence near the vicinity of a gunshot and his subsequent flight were as consistent with innocence as with culpability (*see, People v De Bour,* 40 NY2d 210). Because the defendant's arrest was unlawful, evidence that he was identified in lineups should have been suppressed as the fruit of the illegal police conduct (*see, People v Dodt,* 61 NY2d 408).

Although the hearing court erred in denying that branch of the defendant's omnibus motion which was to suppress lineup identification evidence, the defendant does not contest the hearing court's determination that there was an independent source for the victim's in-court identification of him. In the event the People secure a new indictment and a new trial is held, the defendant is entitled to a pre-trial hearing to determine whether an independent source exists to support an in-court identification of him by any of the other witnesses who identified him in the lineups (*see, People v Gethers,* 86 NY2d 159; *People v Dodt, supra; People v Brown,* 256 AD2d 414; *People v Beruvais,* 231 AD2d 733).

In view of our determination, we decline to reach the remaining issues raised by the defendant. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.