■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAZARO SANCHEZ, Appellant. [714 NYS2d 521] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 22, 1998, convicting him of assault in the first degree, gang assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McGann, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, the third and fifth counts of the indictment charging the defendant with assault in the first degree and gang assault in the second degree are dismissed, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered on the fourth and sixth counts of the indictment charging the defendant with assault in the second degree and criminal possession of a weapon in the fourth degree, to be preceded by a hearing to determine the existence of independent sources for in-court identifications of the defendant by witnesses, other than the victim, who identified him in a lineup.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt of assault in the first degree and gang assault in the second degree be-

yond a reasonable doubt. The evidence was insufficient to establish that the victim sustained a "serious physical injury" within the meaning of Penal Law § 10.00 (10) (*see, People v Amon-Ra,* 239 AD2d 200; *People v Castillo,* 199 AD2d 276; *People v Robles,* 173 AD2d 337). However, since the jury was instructed that it should not consider the count of assault in the second degree (Penal Law § 120.05 [2]), which only requires proof of "physical injury", if it found the defendant guilty of assault in the first degree, a retrial on that count of the indictment will not violate double jeopardy principles (*see, People v Charles,* 78 NY2d 1044; *People v Gonzalez,* 221 AD2d 203, 207).

The defendant's conviction of criminal possession of a weapon in the fourth degree is reversed as the Supreme Court erred in denying that branch of his omnibus motion which was to suppress lineup identification evidence. Although the defendant did not raise this issue on appeal, in the exercise of our interest of justice jurisdiction we grant him the same relief granted to his codefendants (*see, People v Flores,* 276 AD2d 710 [decided herewith]; *People v Galisia,* 276 AD2d 712 [decided herewith]). At the suppression hearing, the People failed to establish that the defendant's arrest was supported by probable cause. It is well settled that neither the mere presence of an individual at a scene of criminal activity nor an individual's flight, without any other indicia of criminal activity, establishes probable cause (*see, Ybarra v Illinois,* 444 US 85, 91; *People v Martin,* 32 NY2d 123; *People v Ross,* 67 AD2d 955). Here, the defendant's presence near the vicinity of a gunshot and his subsequent flight were as consistent with innocence as with culpability (*see, People v De Bour,* 40 NY2d 210). Because the defendant's arrest was unlawful, evidence that he was identified in lineups should have been suppressed as the fruit of the illegal police conduct (*see, People v Dodt,* 61 NY2d 408).

We note that an independent source hearing was held with respect to the victim, who subsequently identified only the codefendant Juan Flores at trial (*see, People v Flores,* 276 AD2d 710, *supra* [decided herewith]). Accordingly, the defendant is entitled to a hearing, prior to a new trial, to determine whether an independent source exists to support an in-court identification of him by any of the other witnesses who identified him in a lineup (*see, People v Gethers,* 86 NY2d 159; *People v Dodt, supra; People v Brown,* 256 AD2d 414; *People v Beruvais,* 231 AD2d 733).

In view of our determination, we decline to reach the remaining issues raised by the defendant. O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.