■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINETTE KENNEDY, Appellant. [726 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 15, 1998, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial ordered, to be preceded by a hearing to determine whether an independent source exists for the in-court identifications of the defendant by the two witnesses who made lineup identifications.

The defendant contends that the hearing court erred in denying that branch of her omnibus motion which was to suppress identification testimony because the prosecution failed to establish that her arrest was supported by probable cause. We agree. Probable cause to arrest requires the existence of facts and circumstances which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being

committed and that the defendant committed or is committing that offense (*see, People v Bigelow*, 66 NY2d 417, 423; *People v McRay*, 51 NY2d 594; *People v Brown*, 256 AD2d 414). Although "probable cause may be supplied, in whole or part, through hearsay information" (*People v Bigelow, supra*, at 423), where the police rely upon secondhand information provided by an informant, the *Aguilar-Spinelli* rule requires a demonstration that the informant had some basis of knowledge for the information given to the police, and that the informant is reliable (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410; *People v Parris*, 83 NY2d 342).

Here, the testimony presented at the suppression hearing reveals that a police detective received an anonymous tip through the "crime stoppers" hotline indicating that the defendant was involved in a recent shooting in a Brooklyn park. The anonymous caller gave the detective the defendant's name and address, but provided no details about the shooting. When the detective proceeded to the address provided by the caller, the defendant was not there. The detective subsequently received a second tip from the same individual, who gave him a telephone number where the defendant could be reached. The police traced the number to an address, where the detective found the defendant and arrested her. Since the defendant's arrest was based upon the information provided by the anonymous caller, who did not indicate that she had any personal knowledge of the shooting, or provide any details about the crime from which such knowledge could be inferred, the People failed to satisfy the requirements of the *Aguilar-Spinelli* standard. Accordingly, the defendant's arrest was not supported by probable cause, and the two lineup identifications which were the fruit of this illegal arrest must be suppressed (*see, People v Brown,' supra*; *People v Beruvais*, 231 AD2d 733). The defendant is thus entitled to a new trial, to be preceded by a hearing to determine whether an independent source exists to support the in-court identifications of the defendant by the two witnesses who made lineup identifications (*see, People v Dodt*, 61 NY2d 408; *People v Sanchez*, 276 AD2d 723; *People v Brown, supra*; *People v Beruvais, supra*). Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.