■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FERNANDEZ MUNOZ, Also Known as JOSE FERNANDO FERNANDEZ MUNOZ, Also Known as JOSE MUNOZ, Appellant. [729 NYS2d 501] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered October

19, 1998, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and criminal possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The evidence presented by the People at the suppression hearing established that the police had probable cause to arrest the defendant. A police officer responding to a telephone call received over the 911 emergency number was advised by the two 13-year-old witnesses that burglars had just left the building. The witnesses pointed to the defendant, who was still visible about a block away from the building which had been burglarized, and described him as wearing a brown jacket. Within minutes, the police stopped the defendant, and, in a showup identification, the witnesses confirmed that he was one of the burglars. Under the circumstances, the police properly concluded that a crime had been committed and that the defendant was one of the perpetrators (*see,* CPL 140.10 [1]; *People v Ortiz,* 229 AD2d 451, 452).

The defendant's sentence, which was to be served consecutively with the sentence imposed on a prior conviction, was appropriate, since the sentences were based on separate successive acts (*see, People v Walsh,* 44 NY2d 631). Moreover, the sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.