■ The People of the State of New York, Respondent, v Terrell Gilford, Appellant. [884 NYS2d 731]—

Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered September 6, 2006, convicting defendant, after a nonjury trial, of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years, 20 years and 1 year, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the assault conviction to attempted assault in the first degree and reducing the sentence thereon to a term of 10 years, and otherwise affirmed.

We reject defendant's claim that the manslaughter verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The court found the eyewitness credible and there is no adequate basis for disturbing that determination. The eyewitness, a friend of the decedent who saw the fight between defendant and decedent from inches away

and who had no plausible motive to falsely accuse defendant of inflicting the fatal wound, testified she was certain that it was defendant who stabbed the decedent in the chest. Moreover, DNA testing established that blood on defendant's shirt was the decedent's. Under the circumstances, the inference is compelling that defendant stabbed the decedent with a long knife that was never recovered, rather than the short knife found at the scene that apparently was incapable of causing the fatal wound. Defendant's written statement to the police in which he claimed that he brandished a small knife that someone gave to him in an open position during the melee, a knife he nonetheless described in some detail, could reasonably be interpreted by the factfinder as a deliberate and implausible attempt to distance himself from the longer weapon. In addition, we conclude that the court properly rejected defendant's justification defense with respect to each of the charges.

We agree with defendant that the evidence was legally insufficient to support his first-degree assault conviction, relating to another victim, and we review his unpreserved claim in the interest of justice. The evidence establishes that the second victim was stabbed in the back three times while engaged in a fight with a person other than defendant. This victim also ended up in an altercation with defendant. While there is no evidence to support any theory under which defendant would be criminally liable for the deep and dangerous wounds to this victim's back, the evidence is legally sufficient to establish that defendant, confronting the victim and threatening to "poke" him, thrust a knife into his abdomen. However, the abdominal wound was superficial, did not damage any internal organs, and did not constitute serious physical injury (*see e.g. People v Castillo*, 199 AD2d 276 [1993]; *People v Robles*, 173 AD2d 337, 338 [1991], *lv denied* 78 NY2d 1014 [1991]). Since defendant's conduct of thrusting the knife into this victim's abdominal area evinced an intent to cause serious physical injury (*see People v Willock*, 298 AD2d 161 [2002], *lv denied* 99 NY2d 555 [2002]), we reduce the conviction to attempted assault in the first degree.

The court properly denied defendant's motion to suppress identification testimony. Defendant challenges a showup identification conducted by an officer who was unaware that, in an unchallenged procedure, the witness had already pointed defendant out to the police as defendant stood in a crowd of people outside the club where this incident occurred. We find no basis for suppression of the showup or in-court identifications, because the showup was within permissibly close temporal and geographic proximity to the crime (*see People v Duuvon*, 77

NY2d 541, 544-545 [1991]), took place shortly after the witness had already made a reliable identification (*see People v Gilbert*, 295 AD2d 275, 276 [2002], *lv denied* 99 NY2d 558 [2002] ["This confirmatory identification following the initial identification made during the street canvass was clearly distinguishable from a precinct showup employed as the initial identification procedure after the crime"]), and was conducted in a manner that was not unduly suggestive (*see People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]).

Except with respect to the reduced assault conviction, we perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Saxe, Nardelli and McGuire, JJ.