■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. HAUGHEY, Appellant. [889 NYS2d 622]—Appeal by the

defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered April 16, 2008, convicting him of arson in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492-493 [2008]; *People v Finger,* 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Skinner,* 162 AD2d 480 [1990]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention regarding any error in the admission of certain testimony of the fire investigator was not preserved for appellate review and, in any event, does not require reversal (*see People v Goldberg,* 215 AD2d 402 [1995]; *People v Maldonado,* 157 AD2d 674 [1990]).

The defendant was not denied the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

The County Court properly denied, without a hearing, the defendant's motion to set aside the verdict pursuant to CPL 330.30 (2), based upon alleged juror misconduct (*see People v Maragh,* 94 NY2d 569 [2000]; *People v South,* 47 AD3d 734 [2008]). Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.