■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SERRANO, Appellant. [904 NYS2d 711]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered March 28, 2008,

convicting him of arson in the second degree, attempted murder in the second degree, assault in the first degree (three counts), and burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of assault in the first degree under count four of the indictment to attempted assault in the first degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for sentencing on the conviction of attempted assault in the first degree.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was the individual who attacked the complainant with a screwdriver and threw an incendiary device into the complainant's van, and that in so doing he acted with the requisite intent to commit attempted murder in the second degree (see People v Dehaarte, 65 AD3d 593 [2009]; People v John, 51 AD3d 819, 820 [2008]; People v Soto, 8 AD3d 683, 684 [2004]; People v Gardella, 5 AD3d 695 [2004]). Moreover, upon the exercise of our independent factual review power pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on the charges of arson in the second degree, attempted murder in the second degree, and assault in the first degree under counts one and five of the indictment was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree under count four of the indictment, which is predicated on the theory that the defendant intentionally caused serious physical injury to the complainant by means of a dangerous instrument, is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). However, upon reviewing this contention in the interest of justice (see CPL 470.10 [2]; People v Wingate, 70 AD3d 734 [2010]; People v Gilford, 65 AD3d 840, 841 [2009]), we find that the evidence was legally insufficient to establish the defendant's guilt of assault in the first degree under count four because the complainant did not suffer a "serious physical injury" as a result of the screwdriver attack (see Penal Law § 10.00 [10]; People v Ham, 67 AD3d 1038, 1039-1040 [2009]; People v Gilford, 65 AD3d at 841; People v Clark, 42 AD3d 957, 958 [2007]; People v Alvarez, 38 AD3d 930, 934 [2007]; People v Gray, 30 AD3d 771, 772-773

[2006]; *People v Flores*, 276 AD2d 710, 711 [2000]). Nevertheless, the evidence presented at trial established beyond a reasonable doubt that the defendant, who repeatedly struck the complainant with the screwdriver before throwing an incendiary device into his van and severely burning him, acted with the intent to inflict serious physical injury. Accordingly, we modify the judgment by reducing the defendant's conviction under count four of the indictment from assault in the first degree to attempted assault in the first degree (*see* CPL 470.15 [2] [a]; *People v Ham*, 67 AD3d at 1040; *People v Gilford*, 65 AD3d at 841; *People v Alvarez*, 38 AD3d at 934-935; *People v Gray*, 30 AD3d at 773; *People v Darrow*, 260 AD2d 928, 930-931 [1999]).

We reject the defendant's further contention that the County Court erred in refusing to submit assault in the second degree as a lesser-included offense under count four of the indictment. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that he merely intended to cause physical injury to the complainant (*see People v Prince*, 51 AD3d 1052, 1054-1055 [2008]; *People v Vasquez*, 25 AD3d 465, 466 [2006]; *People v Cruz*, 298 AD2d 174, 175 [2002]). Since the County Court properly declined to submit assault in the second degree as a lesser-included offense under count four, we are not constrained to order a new trial on that count of the indictment, and in the interest of justice, we reduce the defendant's conviction under count four to the lesser-included offense of attempted assault in the first degree (*see* CPL 470.15 [2] [a]).

The defendant's contention that the County Court erred in permitting a police detective who was an expert in fire investigation to give testimony implying that the subject fire was intentionally set is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v El Machiah*, 71 AD3d 914 [2010]; *People v Maldonado*, 157 AD2d 674 [1990]). In any event, the evidence of the defendant's guilt of arson in the second degree, without reference to the alleged error, was overwhelming, and there is no significant probability that the alleged error might have contributed to the defendant's conviction of this offense. Thus, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v El Machiah*, 71 AD3d 914 [2010]; *People v Haughey*, 67 AD3d 928 [2009]; *People v Goldberg*, 215 AD2d 402, 403 [1995]).

The defendant also failed to preserve for appellate review his claim that several police witnesses were improperly permitted to identify him as the individual depicted on a surveillance videotape of the delicatessen he was convicted of burglarizing, and to describe the conduct seen on the videotape (*see* CPL

470.05 [2]; *People v Kelly*, 67 AD3d 706 [2009]). In any event, the claim is without merit (*see People v Russell*, 165 AD2d 327, 332 [1991], *affd* 79 NY2d 1024, 1025 [1992]; *People v Rivera*, 259 AD2d 316, 317 [1999]; *People v Morgan*, 214 AD2d 809, 810 [1995]).

Although the County Court should have granted the defendant's motion to sever the burglary count of the indictment from the counts arising from the screwdriver attack and arson (*see* CPL 200.20 [2]), the error was harmless in light of the overwhelming evidence of the defendant's guilt and the lack of any prejudice to the defendant as a result of the joint trial (*see People v Singson*, 40 AD3d 1015, 1016 [2007]; *People v Ortiz*, 23 AD3d 499, 500 [2005]; *People v Jones*, 301 AD2d 678, 680 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.