People v Nunez (2019 NY Slip Op 02276)





People v Nunez


2019 NY Slip Op 02276


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


2577/10 8786A 2027/12 8786

[*1] The People of the State of New York, Respondent,
v
Miguel Nunez, also known as Miguel Nunez-Gibbs, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (James J. Wen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (George R. Villegas, J. at hearing; Efrain Alvarado, J. at jury trial and sentencing), rendered December 20, 2013, convicting defendant of two counts of robbery in the second degree, and sentencing him to concurrent terms of five years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a youthful offender determination, and otherwise affirmed. Judgment, same court (Margaret L. Clancy, J.), rendered December 18, 2014, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a consecutive term of three years, unanimously affirmed.
In the robbery case, the hearing court properly denied defendant's motion to suppress a showup identification. Under the facts of this case, the People met their "initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness" (People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]), despite the absence of testimony from any officer who was with the identifying witnesses at the moment of the showup.
Within a few minutes of the robbery, the police conducted a canvass of the area, during which the witnesses pointed out defendant and the codefendant; defendant does not challenge this identification. The two men fled, and the officer who testified at the hearing got out of the police car and apprehended them after a chase, under circumstances leaving no doubt that they were the same two men the witnesses had just identified. The police car arrived with the witnesses, and the testifying officer received a radio message that the witnesses had again identified the two men.
Regardless of whether this atypical showup could be described as "confirmatory," it was essentially an immediate repetition of the unchallenged identification, of the same two suspects, that had just occurred (see People v Gilford, 65 AD3d 840, 841-842 [1st Dept 2009], affd 16 NY3d 864 [2011]; People v Gilbert, 295 AD2d 275, 276 [1st Dept 2002], lv denied 99 NY2d 558 [2002]). In these particular circumstances, any possibility that something occurred in the car that transformed this event into an unduly suggestive procedure is remote and speculative (see Chipp, 75 NY2d at 339). Accordingly, we find that there was sufficient evidence adduced at the Wade hearing to support the court's denial of suppression, and that defendant did not satisfy "the ultimate burden of proving that the procedure was unduly suggestive." (id. at 335).
As the People concede, defendant is entitled to an express youthful offender determination in the robbery case (see People v Rudolph, 21 NY3d 497 [2013]).
Regardless of whether defendant made a valid waiver of the right to appeal, we perceive no basis for reducing his sentence in the weapon possession case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK