People v Aragundi (2021 NY Slip Op 02811)





People v Aragundi


2021 NY Slip Op 02811


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
PAUL WOOTEN, JJ.


2019-07665
 (Ind. No. 2660/16)

[*1]The People of the State of New York, respondent,
v
Michael Aragundi, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Peter R. Isham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered June 6, 2019, convicting him of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively, and by vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the convictions of attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree.
On October 29, 2016, the complainant was stabbed multiple times, by multiple rival gang members who were out "mobbing," or searching for members of the complainant's gang to physically harm. According to the trial testimony of the physician who treated the complainant upon the complainant's arrival at a hospital emergency room, the complainant sustained multiple lacerations and wounds to his neck, head, chest, and abdomen, none of which affected his internal organs, and which were treated with sutures. The physician further testified that the complainant suffered a diminished grip strength in his left hand on the day of the incident. During his trial testimony, the complainant described numbness in his left arm that persisted "for a while" after the attack. One of the assailants also took the complainant's cane during the attack. Following a jury trial, the defendant was convicted of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree.
The defendant's contentions regarding the legal sufficiency of his convictions are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any [*2]event, the defendant's contentions are without merit as to robbery in the first degree under Penal Law § 160.15(3) and robbery in the second degree. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant shared a community of purpose with the assailant who stole the complainant's cane (see People v Williams, 164 AD3d 842, 844). Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's finding that the defendant was guilty of robbery in the first degree under Penal Law § 160.15(3) and robbery in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant also challenges his convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree, asserting that the People failed to present legally sufficient evidence that the complainant suffered a "serious physical injury" (Penal Law § 10.00[10]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was not legally sufficient to establish the defendant's guilt on these counts. Although the complainant was stabbed multiple times, there was no evidence of serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ (see People v Stewart, 18 NY3d 831; People v Mazariego, 117 AD3d 1082; People v Daniels, 97 AD3d 845; People v Tucker, 91 AD3d 1030; People v Adames, 52 AD3d 617; People v Castillo, 199 AD2d 276).
However, the evidence at trial also established beyond a reasonable doubt that the defendant acted with the intent to inflict serious physical injury and came "dangerously near" to committing the completed crimes (People v Calas, 134 AD3d 1043, 1045; see Penal Law § 110.00). Accordingly, we modify the judgment by reducing the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively, and we remit the matter to the Supreme Court, Queens County, for sentencing.
The defendant was not deprived of the right to a fair trial when the Supreme Court permitted a police detective who was not a witness to the crimes to testify that he believed the defendant to be an individual depicted in a surveillance video, as there was some basis for concluding that the detective was more likely than the jury to correctly identify the defendant in the video (see People v Thomas, 139 AD3d 764, 765; People v Montanez, 135 AD3d 528, 528).
The defendant also was not deprived of the right to a fair trial when the Supreme Court denied his request for an interested witness charge, as the bias and interest of the cooperating witness were "hammered at by the defense . . . and not seriously disputed" (People v Inniss, 83 NY2d 653, 659).
The sentences imposed for the convictions of robbery in the first degree under Penal Law § 160.15(3) and robbery in the second degree were within the statutory guidelines and were not excessive (see People v Suitte, 90 AD2d 80). The propriety of the remaining sentences need not be reached in light of our determination.
AUSTIN, J.P., LASALLE, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court