People v Mayancela (2022 NY Slip Op 04741)

People v Mayancela

2022 NY Slip Op 04741

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-06096
 (Ind. No. 2660/16)

[*1]The People of the State of New York, respondent,
v
Luis L. Mayancela, appellant.

Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Joseph M. DiPietro of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered May 16, 2019, convicting him of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively, and by vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the convictions of attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree.
On October 29, 2016, the complainant was stabbed multiple times, by multiple members of a rival gang. A witness testified at trial that the rival gang members were out "mobbing," or searching for members of the complainant's gang to physically harm. According to the trial testimony of the physician who treated the complainant upon the complainant's arrival at a hospital emergency room, the complainant sustained multiple lacerations and wounds to his neck, head, chest, and abdomen, none of which affected his internal organs, and which were treated with sutures. The physician further testified that, during his examination of the complainant on the day of the incident, he noted that the complainant's injuries had caused him to have a diminished grip strength in his left hand. The complainant testified at the trial that he suffered numbness in his left arm "for a while" after the attack. The complainant also testified that, during the attack, one of the assailants took his cane. Following a jury trial, the defendant was convicted of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree.
The defendant's contentions regarding the legal sufficiency of his convictions are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any [*2]event, the defendant's contentions are without merit as to robbery in the first degree under Penal Law § 160.15(3) and robbery in the second degree. When viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish that the defendant shared a community of purpose with the assailant who stole the complainant's cane (see People v Williams, 164 AD3d 842, 844). Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL § 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the jury's finding that the defendant was guilty of robbery in the first degree under Penal Law § 160.15(3) and robbery in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant also challenges his convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree, asserting that the People failed to present legally sufficient evidence that the complainant suffered a "serious physical injury" (id. § 10.00[10]). We reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). When viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was not legally sufficient to establish the defendant's guilt on these counts. Although the complainant was stabbed multiple times, there was no evidence of serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ (see People v Stewart, 18 NY3d 831; People v Minchala, 194 AD3d 754, 755; People v Aragundi, 194 AD3d 733, 735).
However, the evidence at trial established beyond a reasonable doubt that the defendant acted with the intent to inflict serious physical injury and came "dangerously near" to committing the completed crimes (People v Calas, 134 AD3d 1043, 1045 [internal quotation marks omitted]; see Penal Law § 110.00). Accordingly, we modify the judgment by reducing the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, and we remit the matter to the Supreme Court, Queens County, for sentencing.
The sentences imposed for the convictions of robbery in the first degree under Penal Law § 160.15(3) and robbery in the second degree were not excessive (see People v Suitte, 90 AD2d 80). The propriety of the remaining sentences need not be reached in light of our determination.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court