People v Lacen (2024 NY Slip Op 03868)

People v Lacen

2024 NY Slip Op 03868

Decided on July 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 18, 2024

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Ind. No. 2332/18 Appeal No. 1850 Case No. 2019-05511 

[*1]The People of the State of New York, Respondent,
v
Jose Lacen, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Gamaliel Marrero of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered December 17, 2019, convicting defendant, after a jury trial, of attempted assault in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's conduct of stabbing the victim in the neck with a knife evinced an intent to cause serious physical injury (see People v Gilford, 65 AD3d 840, 841 [1st Dept 2009], affd 16 NY3d 864 [2011]; Penal Law § 10.00[10]). The jury could have reasonably inferred that defendant intended to permanently deprive the victim, a cab driver, of the cab, as well as the money and phones inside the cab, when defendant drove away in it (see Penal Law § 155.00[3]), even though he abandoned it a short time later (see People v Peterson, 193 AD3d 431, 432 [1st Dept 2021], lv denied 37 NY3d 959 [2021]).
The testimony of the DNA analyst did not violate defendant's right of confrontation. "The analyst's testimony demonstrated [his] own 'independent analysis o[f] the raw data' to make the comparison, and the analysis was not merely 'a conduit for the conclusions of others'" (People v Lawrence, 198 AD3d 493, 494 [1st Dept 2021], lv denied 37 NY3d 1147 [2021], quoting People v John, 27 NY3d 294, 315 [2016]; see People v Jordan, 40 NY3d 396 [2023]).
Defendant did not preserve his challenge to the court's interested witness charge, and we decline to review it in the interest of justice. As an alternative holding, we find that the charge, which followed the Criminal Jury Instructions, was not constitutionally deficient (see People v Roby, 217 AD3d 505, 507 [1st Dept 2023], lv denied 40 NY3d 952 [2023]; People v Blake, 39 AD3d 402, 403 [1st Dept 2007], lv denied 9 NY3d 873 [2007]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 18, 2024