■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McGREAL, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 13, 1992, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

At 8:30 P.M. on November 9, 1990, the defendant was stopped by two Village of Maybrook police officers after they had observed his vehicle straddling the "double-yellow" line of a two-lane highway for a distance of nearly one-half mile. The arresting officer asked for the defendant's license, registration and insurance card, and as the defendant "fumbl[ed]" through the glove compartment, the officer observed that the defendant's eyes were watery and bloodshot, his speech was slurred, and his clothes were ruffled. The officer detected the odor of alcohol emanating from the defendant's person. Based upon this information, the officer asked the defendant if he had been drinking, and the defendant denied that he had. The officer then asked the defendant to exit the vehicle, and asked the defendant again if he had been drinking, to which the defendant responded that he had had several mixed drinks and a beer. The officer then administered three sobriety tests in an effort to determine whether his coordination had been impaired, all of which the defendant failed to perform successfully. The defendant was placed under arrest and advised of

his *Miranda* rights and those rights given to suspected intoxicated drivers. He then submitted to a breathalyzer test, which yielded a result indicating a blood alcohol level of .12%. Subsequently, the defendant was taken to the police station, where he was read his *Miranda* rights and, after signing a form acknowledging his understanding thereof, he again told the arresting officer that he had consumed several mixed drinks and beer that day.

The defendant's claim that the hearing court improperly refused to suppress the statements he made to the officer concerning the number of drinks he had consumed that day is without merit, inasmuch as the events occurring between the stop and the defendant's arrest cannot be characterized as the functional equivalent of a custodial interrogation requiring *Miranda* warnings *(see, Berkemer v McCarty,* 468 US 420; *People v McAleavey,* 159 AD2d 646; *People v Mathis,* 136 AD2d 746).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the defendant offered testimony at the trial that conflicted with the officers' version of the incident, resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim that the sentence imposed is excessive is without merit *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Miller, Copertino and Pizzuto, JJ., concur.