■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. MILO, Appellant. [753 NYS2d 90] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered May 25, 2000, convicting him of driving while intoxicated as a felony and failing to signal a lane change, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

In the early morning hours of January 24, 1999, the Suffolk County Police Department received a report that a Corvette automobile was doing "360 [degree] turns" on a street in Coram. The information was communicated to Police Officer Joseph Papile, who was in his patrol car at the time. Officer Papile eventually noticed a Corvette near the reported location, and observed it pull away from the curb without signaling. After both the patrol car and the Corvette came to a stop, the officer approached the Corvette, and asked the defendant, who was driving, for his driver's license, and the car's registration and insurance card, none of which were produced. Officer Papile noticed that the defendant's eyes were bloodshot and detected the odor of alcohol emanating from the defendant's person. Based upon this information, the officer asked the defendant if he had been drinking, and the defendant admitted that he had "a few beers." Officer Papile then asked the defendant to perform a field sobriety test, to which the defendant responded, "I don't want to be any trouble. I just want to leave here." Officer Papile terminated the test after the defendant unsuccessfully attempted to perform the "one-legged stand test" several times without waiting for Papile's instructions. The defendant was then placed under arrest, and transported to the Central DWI Processing Facility. At the facility, the defendant was read his chemical refusal warnings, and after be-

ing asked by Sergeant Donald Parsley if he would consent to a breathalyzer test, said, "Ask him," gesturing towards Officer Papile. When requested a second time to submit to the test, the defendant responded, "I'm sick of this." Officer Papile then read the defendant his *Miranda* rights (*see Miranda v Arizona,* 384 US 436).

The defendant's claim that the hearing court improperly refused to suppress his statements to the arresting officer concerning his consumption of alcohol on the day in question is without merit. The events occurring between the stop and the defendant's arrest cannot be characterized as the functional equivalent of a custodial interrogation requiring *Miranda* warnings (*see People v McGreal,* 190 AD2d 869, 870).

The defendant failed to preserve for appellate review his claim that the evidence was legally insufficient to sustain the jury's finding of guilt (*see* CPL 470.05 [2]; *People v Legagneux,* 263 AD2d 517). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of several officers concerning their observations of the defendant, the defendant's admission that he had been drinking, and the defendant's refusal to submit to a breath test were sufficient to establish the defendant's guilt (*see People v Donhauser,* 255 AD2d 933; *People v Gangale,* 249 AD2d 413). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.