The People of the State of New York, Respondent,
against
Leanora A. Wrenn, Appellant.



Appeal from two judgments of the District Court of Nassau County, First District (Andrew M. Engel, J.), rendered January 27, 2014. The judgments convicted defendant, upon jury verdicts, of common-law driving while intoxicated, and refusing to submit to a breath test, respectively. The appeal brings up for review the denial, after a hearing (Rhonda E. Fischer, J.), of that branch of defendant's omnibus motion seeking to suppress her statements to law enforcement officials.




ORDERED that the judgment convicting defendant of common-law driving while intoxicated is affirmed; and it is further,
ORDERED that the judgment convicting defendant of refusing to submit to a breath test is reversed, on the law, the accusatory instrument charging that offense is dismissed, and the fine, if paid, is remitted.
Defendant was charged with, among other things, common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and refusing to submit to a breath test (see Vehicle and Traffic Law § 1194 [1] [b]). At a jury trial, evidence was adduced on the People's case that, at approximately 3:30 a.m. on January 22, 2012, defendant's vehicle had collided with a BMW on the eastbound Southern State Parkway in Nassau County. According to the testimony of police officers who arrived at the scene, defendant was irate. Among other things, she screamed obscenities, fell to the ground several times, and flailed her arms. Defendant had bloodshot eyes and an unsteady walk. The odor of alcohol emanated from her breath. Because of her behavior, the police handcuffed her, placed her in the back of an ambulance, and charged her with disorderly conduct (Penal Law § 240.20 [1]), a charge that was subsequently dismissed. The police officers and an ambulance medical technician testified that they believed that defendant was intoxicated. Defendant was taken to a hospital and examined by a doctor, who also concluded that she was intoxicated. She was then taken to the police barracks in Valley Stream, where she twice refused to submit to a breath test.
After a pretrial suppression hearing, the District Court denied the branch of defendant's omnibus motion seeking to suppress her statements to law enforcement officials. However, the statements were not offered in evidence by the People during their direct case at trial.
Defendant essentially testified in her own behalf at the trial that the accident had been the result of icy conditions at a blind spot on a hilly portion of the parkway. She claimed that the police had prohibited her from using the bathroom, both at the hospital and at the police barracks, and that she had not been treated for injuries she had sustained until after she was arrested and released, and went on her own to another hospital. Defendant also testified that when the accident occurred, she had been wearing a seat belt.
The jury found defendant guilty of common-law driving while intoxicated and refusing to submit to a breath test.
On appeal, defendant contends that, because she had been subjected to custodial interrogation, the hearing court erred in determining that defendant's statements to the police were admissible. Defendant further contends that the People failed to establish that she was intoxicated. She asserts that the accident was caused by the design of the parkway and the hazardous weather conditions on the night in question, and that her post-crash behavior was not [*2]caused by intoxication, but by trauma and shock.
The People concede that the hearing court's determination was erroneous. However, the People contend that the error was harmless because the statements were not admitted at trial. The People further argue that defendant's contention that the judgment of conviction was not supported by legally sufficient evidence is unpreserved for appellate review and that, in any event, the evidence established defendant's guilt beyond a reasonable doubt. The People also contend that the verdict of guilt was not against the weight of the evidence.
It is well settled that where statements made by a defendant are not introduced in evidence at the trial, a defendant's contention that the statements should have been suppressed is rendered academic for purposes of appeal (see People v Joseph, 97 AD3d 838, 839 [2012]; People v Murad, 55 AD3d 754, 755 [2008]; People v Menendez, 50 AD3d 1061 [2008]; People v Nevins, 16 AD3d 1046, 1048 [2005]). Here, the People did not offer the statements in evidence at the trial; thus, the issue has been rendered academic.
In a motion at the close of the People's evidence to dismiss for failure to establish a prima facie case, defendant argued, in effect, that the People had not established beyond a reasonable doubt that she was intoxicated, as the accident was caused by poor road design and weather conditions. Consequently, defendant preserved for appellate review the issue that the evidence was legally insufficient to establish her guilt (see People v Finch, 23 NY3d 408, 414-416 [2014]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's conviction of common-law driving while intoxicated was supported by legally sufficient evidence. Several police officers, an ambulance medical technician, and a medical doctor testified that defendant was intoxicated, based on the odor of alcohol emanating from her breath, her slurred speech, her watery and bloodshot eyes, and her behavior. Moreover, evidence was adduced that defendant had twice refused to submit to a breath test (see Vehicle and Traffic Law § 1194 [2] [f]; People v Smith, 18 NY3d 544, 548-552 [2012]; People v Sirico, 135 AD3d 19, 23 [2015]; People v Washington, 107 AD3d 4, 8 [2013], affd 23 NY3d 228, 231 [2014]; People v Butcher, 36 Misc 3d 137[A], 2012 NY Slip Op 51436[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). The foregoing evidence was sufficient to establish defendant's guilt of common-law driving while intoxicated beyond a reasonable doubt (see People v Milo, 300 AD2d 680, 681 [2002]; People v Gangale, 249 AD2d 413 [1998]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Assuming an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d at 348; People v Delaney, 138 AD3d 1420 [2016]; People v Hughes, 111 AD3d 1170, 1172-1173 [2013]), we note again that several police officers, an ambulance medical technician, and a medical doctor testified that defendant had been intoxicated. While defendant claims that she was injured in the accident, and that the accident was caused by poor road and weather conditions, two police officers and the ambulance medical technician testified that defendant threw herself on the ground. Thus, defendant's injuries could well have been caused by her own conduct, rather than the accident. Indeed, defendant testified that she was wearing a seat belt when the accident occurred. In view of the foregoing, we find that the verdict of guilt of common-law driving while intoxicated was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). 
Defendant's conviction of refusing to submit to a breath test (see Vehicle and Traffic Law § 1194 [1] [b]) must be reversed, and the accusatory instrument charging that offense must be dismissed. This court has repeatedly held that the refusal to submit to a breath test pursuant to Vehicle and Traffic Law § 1194 (1) (b) is not a cognizable offense (see People v Carron, 51 Misc 3d 135[A], 2016 NY Slip Op 50555[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v McMahon, 43 Misc 3d 140[A], 2014 NY Slip Op 50812[U] [App Term, 2d Dept, 9th [*3]& 10th Jud Dists 2014]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Accordingly, the judgment convicting defendant of common-law driving while intoxicated is affirmed. The judgment convicting defendant of refusing to submit to a breath test is reversed and the accusatory instrument charging that offense is dismissed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: August 01, 2016