The People of the State of New York, Respondent,
against
Sandra Nagler, Appellant.




Larkin, Ingrassia & Tepermayster, LLP (John Ingrassia of counsel), for appellant.
Orange County District Attorney (Nicholas D. Mangold of counsel), for respondent.

Appeal from six judgments of the Justice Court of the Town of Wallkill, Orange County (Peter W. Green, J.), rendered June 15, 2016. The judgments convicted defendant, after a nonjury trial, of common-law driving while intoxicated, failure to keep right, unsafe lane change, failure to maintain lane, driving on the shoulder, and possession of an open container of an alcoholic beverage in a motor vehicle, respectively, and imposed a sentence, with respect to the conviction of common-law driving while intoxicated, of a term of incarceration of 45 days, three years' probation, and a $750 fine.




ORDERED that so much of the appeal as is from the judgments convicting defendant of failure to keep right, unsafe lane change, failure to maintain lane, driving on the shoulder, and possession of an open container of an alcoholic beverage in a motor vehicle is dismissed as abandoned; and it is further,
ORDERED that the judgment convicting defendant of common-law driving while intoxicated is modified, as a matter of discretion in the interest of justice, by reducing the term of incarceration imposed to time served; as so modified, the judgment of conviction of common-law driving while intoxicated is affirmed, and the matter is remitted to the Justice Court for further proceedings pursuant to CPL 460.50 (5).
Defendant was charged, in six accusatory instruments, with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), failure to keep right (Vehicle and Traffic Law § 1120 [a]), unsafe lane change (Vehicle and Traffic Law § 1128 [a]), failure to maintain lane [*2](Vehicle and Traffic Law § 1128 [c]), driving on the shoulder (Vehicle and Traffic Law § 1131), and possession of an open container of an alcoholic beverage in a motor vehicle (Vehicle and Traffic Law § 1227 [1]), respectively.
At a nonjury trial, New York State Trooper Brad Natalizio testified, among other things, that, at approximately 1:30 a.m. on July 18, 2015, he had been dispatched to the area near Exit 120 eastbound on Route 17 in the Town of Wallkill for a reported motor vehicle accident with injuries. When he arrived, he observed a Toyota suburban vehicle against the guardrail with significant damage to the roof. The vehicle was in the eastbound lanes, in the center median, to the left of the roadway, facing south. The rear of the vehicle was next to the guardrail. There was debris in the roadway. Natalizio asked defendant what had happened. She replied that she had fallen asleep at the wheel while traveling eastbound on Route 17, driving home from a concert at the Bethel Woods venue in Sullivan County. When she woke up, she attempted to gain control of the vehicle. At that point, she became involved in an accident. While speaking to defendant, Natalizio detected a strong odor of an alcoholic beverage emanating from her breath. She also had bloodshot watery eyes and slurred speech. Natalizio was less than six inches away from defendant when he spoke to her. When Natalizio asked defendant "if she had consumed any alcoholic beverages prior to driving," she replied that she had had four mixed vodka drinks, two before the concert and two after the concert. The keys to the vehicle were in the ignition. There were two passengers in the vehicle, one of whom was defendant's husband.
According to Natalizio, defendant apparently sustained a back injury, and there appeared to be blood and glass on her face and clothing. Defendant's husband, who was in the front passenger seat, was seriously injured. The rear-seat passenger was not seriously injured. Natalizio did not ask defendant to perform any field sobriety tests due to her physical condition. Defendant was taken to a hospital by ambulance. While in the ambulance, and later in the emergency room of the hospital, defendant continued to have slurred speech, and a strong odor of an alcoholic beverage emanated from defendant. 
Natalizio asked defendant to submit to a chemical analysis of her blood, and provided her with chemical test warnings three times, at 2:33 a.m., 2:40 a.m., and 2:46 a.m., respectively. After the first warning, defendant replied, "I don't know how to answer that. Can I ask my husband?" After both the second and third warnings, she refused to submit to a chemical test. Based on his experience, Natalizio concluded that defendant was intoxicated and arrested her on a charge of common-law driving while intoxicated.
On direct examination, Natalizio testified that he had previously testified at a Department of Motor Vehicles' refusal hearing held on September 22, 2015, at which defendant had also testified. Defendant's speech at the hearing was normal. At the refusal hearing, defendant testified that she remembered having one or two drinks before the concert, that she had fallen asleep at the wheel, hit rumble strips that caused her to wake up, and that her vehicle had jerked, "causing it to roll prior to coming to rest." She also testified that she had "attempted to ask her husband [for] advice, but he gave her wrong advice."
Defendant did not move to dismiss at the close of the People's case. However, during summation, defendant's counsel argued "that there wasn't enough evidence . . . to prove guilt beyond a reasonable doubt" of common-law driving while intoxicated. "While maybe alcohol could have been a contributing factor" with respect to the accident, "there's no proof that it rose [*3]to the level of intoxication."
Defendant did not call any witnesses or present any evidence. However, defendant requested that the court consider driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) as a lesser-included offense of common-law driving while intoxicated, and the court agreed.
The Justice Court found defendant guilty of all of the charges, including common-law driving while intoxicated.
Defendant was sentenced on June 15, 2016. The People stated that, while this was "defendant's first encounter with the criminal justice system, it was quite an encounter. She drove while intoxicated, she rolled and crashed her car because she was intoxicated, and she injured herself and her two passengers, and she could just as easily have killed one of those passengers or some other person who was driving down Route 17 on that night." The prosecutor stated that she had reviewed the presentence report and defendant's letter to the court, and argued that defendant was "still not taking responsibility for her actions, calling it an isolated and unique incident, despite the fact that the Department of Probation indicate[d] that this was not an isolated incident." Defendant "got behind the wheel of her car and drove from Bethel Woods in Sullivan County and attempted to make it all the way to Orange County, and she chose to endanger the safety of every person along her route." The People asked the court to follow the recommendation of the Department of Probation that defendant be sentenced to a term of 30 days in the Orange County Jail and a term of three years of probation.
Defendant's counsel criticized the procedure of the Department of Probation. He indicated that defendant had been given a questionnaire, which included questions such as "how many drinks can you have and still safely drive a car?" Counsel argued that defendant had written that a person could drink one or two drinks and drive, as "drinking is a function, it accesses to the time in which you consume the alcoholic beverage and the time it oxidizes." Thus, defendant's response to the question whether someone "can have one to two drinks and still drive a car safely" was "a fair answer to the question that somehow got turned around in the" probation officer's report. Counsel also argued that the prosecutor's claim that defendant had not taken responsibility for her actions was based on a report by a licensed clinical social worker and alcohol and substance abuse counselor, who had been hired by defendant in August 2015, within 30 days of the incident.
Counsel then argued that "one or two drinks over three or four hours" or "over the course of an evening" was not defendant's definition of drinking and driving. Counsel stated that the court "must recognize in New York State it's not illegal to drink and drive" unless one reaches a certain level. Counsel spoke about several of the letters that had been submitted to the court regarding defendant's positive attributes, including from the two passengers in the vehicle, and from the Superintendent of the Chester Union Free School District and the Orange County Commissioner of Elections.
The court stated that it had reviewed the presentence report and the many letters that had been submitted on defendant's behalf, and had found the evaluation of defendant by a private therapist in August 2015 to be "troubling." The court noted that the accident had caused serious injuries and could have resulted in the death of three people. The court then stated the following:
"You informed the evaluator that this was an isolated incident, you had never done it [*4]before. When I went through the Probation Report, you informed the probation officer that you drank and drive approximately three to four times in the past two years. I just don't see how that meshes with what you told your evaluator, that your Attorney relies on, where this is an isolated incident, you don't need treatment, but when you are interviewed by police . . . you tell them you have done this three or four times before, . . . everybody is getting a different story from you."
Counsel then told the court:
"I believe that the Probation Department has misunderstood what my client said. She didn't say she drove drunk three or four times. She had said that she had a couple of drinks before she operated the car —- a glass of wine, something like that over an extended time period. . . . My client . . . understands that it is not good to drink and drive."
The court sentenced defendant to a term of 45 days of imprisonment, and three years of probation with special drug and alcohol conditions on the conviction of common-law driving while intoxicated. The court also imposed a $750 fine. By order dated June 17, 2016, the Supreme Court, Orange County (Gretchen Walsh, J.), stayed the incarceration component of the sentence.
On appeal, defendant claims that the evidence was legally insufficient to establish her guilt beyond a reasonable doubt, that the verdict of guilt was against the weight of the evidence, and that the Justice Court abused its discretion and exhibited personal bias against defendant in sentencing her to a term of incarceration. In addition, the sentence imposed was harsh and excessive, and defendant was penalized for going to trial. Defendant argues that a jail sentence was not warranted, as she was 50 years old at the time of sentencing and had no prior criminal history.
The People argue that the judgment should be affirmed. We note that the People's brief indicates that defendant was the vice-president of the local school board. 
As defendant's brief raises issues only regarding the judgment convicting her of common-law driving while intoxicated, so much of the appeal as is from the judgments convicting defendant of failure to keep right, unsafe lane change, failure to maintain lane, driving on the shoulder and possession of an open container of an alcoholic beverage in a motor vehicle, respectively, is dismissed as abandoned (see People v Gonzalez, 50 Misc 3d 131[A], 2015 NY Slip Op 51938[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Defendant's counsel made a legal insufficiency claim to the Justice Court during summation, but did not move to dismiss based on legal insufficiency either at the close of the People's case or at the close of all of the evidence. Thus, defendant's legal insufficiency claim is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Sorhaindo, 42 Misc 3d 140[A], 2014 NY Slip Op 50177[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to support defendant's conviction of common-law driving while intoxicated (see People v Beyer, 21 AD3d 592, 594-595 [2005]; People v Milo, 300 AD2d 680, [*5]681 [2002]; People v Wrenn, 52 Misc 3d 141[A], 2016 NY Slip Op 51193[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; see also People v Dunster, 146 AD3d 1029, 1029-1030 [2017]; People v Whelan, 165 AD2d 313, 325 [1991]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor, and must determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
With respect to the sentence imposed upon defendant's conviction of common-law driving while intoxicated, we find the 45-day jail sentence imposed was excessive. We note that defendant has contributed to her community as the vice-president of the local school board, has no criminal record, and has no prior criminal or traffic offense history.
Consequently, under the facts and circumstances of this case, we find that a sentence of time served and three years' probation is appropriate (see People v Suitte, 90 AD2d 80 [1982]; see also People v Johnson, 114 AD3d 534 [2014]; People v Ladyzinski, 114 AD2d 909 [1985]; People v Kennedy, 49 Misc 3d 138[A], 2015 NY Slip Op 51564[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, so much of the appeal as is from the judgments convicting defendant of failure to keep right, unsafe lane change, failure to maintain lane, driving on the shoulder, and possession of an open container of an alcoholic beverage in a motor vehicle, is dismissed as abandoned, and the judgment convicting defendant of common-law driving while intoxicated is modified, by reducing the term of incarceration imposed to time served.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2018