People v Fox (2021 NY Slip Op 50121(U))

[*1]

People v Fox (Robert)

2021 NY Slip Op 50121(U) [70 Misc 3d 139(A)]

Decided on February 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, J.P., BRUCE E. TOLBERT, ELIZABETH H.
EMERSON, JJ

2018-596 N CR

The People of the State of New York,
Respondent,
against
Robert Fox, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for
appellant.
Nassau County District Attorney (Tammy J. Smiley and Yael V. Levy of counsel), for
respondent.

Appeal from three judgments of the District Court of Nassau County, First District (Eileen
Goggin, J.), rendered January 10, 2018. The judgments convicted defendant, after a nonjury trial,
of driving while ability impaired, speeding, and operating an unregistered vehicle, respectively,
and imposed sentences. The appeal brings up for review an order of that court (Martin J. Massell,
J.) dated September 14, 2016, denying, among other things, defendant's motion to subpoena the
arresting officer's employment and disciplinary records, and for an in camera inspection thereof,
and an order of that court (Joseph Girardi, J.) dated May 22, 2017, denying, after a hearing,
suppression.

ORDERED that the judgment convicting defendant of speeding is reversed, on the facts, the
accusatory instrument charging that offense is dismissed, and the fine and surcharge imposed
thereon, if paid, are remitted; and it is further,
ORDERED that the judgments convicting defendant of driving while ability impaired and
operating an unregistered vehicle are affirmed.
In October 2015, defendant was charged in three separate simplified traffic informations
with, respectively, driving while ability impaired (Vehicle and Traffic Law § 1192 [1]),
speeding (Vehicle and Traffic Law § 1180 [d]), and operating an unregistered vehicle
(Vehicle and Traffic Law § 401 [1] [a]). Motion practice ensued, and, by order dated
September 14, 2016, the District Court (Martin J. Massell, J.) denied, among other things,
defendant's motion to subpoena the arresting officer's employment and disciplinary records, and
for an in camera inspection thereof. On May 22, 2017, at a combined
Mapp-Huntley-Dunaway-Ingle hearing, the testimony adduced included what happened
before, during and after the police officer's stop of defendant's vehicle. [*2]Although in his closing argument, defense counsel did not refer to
the stop of defendant's vehicle, the prosecutor argued that the stop was legal because the arresting
officer had observed that the vehicle being operated by defendant had been speeding. On May 22,
2017, in a decision from the bench, the District Court (Joseph Girardi, J.), among other things,
denied suppression. Following a nonjury trial, defendant was convicted of all charges.
On appeal, defendant contends that the judgments of conviction should be reversed because
the District Court improperly denied suppression, as the stop of his vehicle was unlawful, there
was no probable cause for his arrest, and his statements, in any event, were the fruits of an
unlawful custodial interrogation; that the District Court improperly denied his motion to
subpoena the arresting officer's employment and disciplinary records, and for an in camera
inspection thereof; that the evidence was legally insufficient; that the verdicts were against the
weight of the evidence; and that his right to a fair trial, and constitutional right to a speedy trial,
were violated.
A traffic stop is permitted when an officer " 'has probable cause to believe that the driver of
an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v
Robinson, 97 NY2d 341, 349 [2001]). "A finding of probable cause does not . . . require the
same quantum of proof necessary to sustain a conviction, or to establish a prima facie case.
Rather, it need merely appear more probable than not that [an offense] has taken place and that
the one arrested is its perpetrator" (People v Wright, 8 AD3d 304, 307 [2004] [citations and internal
quotation marks omitted]; see CPL 70.10 [2]; People v Williams, 127 AD3d 1114, 1116 [2015]; People v Goldberg, 61 Misc 3d
129[A], 2018 NY Slip Op 51389[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]; People v Maher, 52 Misc 3d
136[A], 2016 NY Slip Op 51043[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Probable cause is established where "the existence of facts and circumstances . . . viewed as a
whole, would lead a reasonable person possessing the same expertise as the arresting officer to
conclude that an offense has been or is being committed and that the defendant committed or is
committing that offense" (People v Brown, 256 AD2d 414, 415 [1998]; see People v
Bigelow, 66 NY2d 417, 423 [1985]; People v Moreno, 148 AD3d 827, 828 [2017]; People v Gingras, 22 Misc 3d 22,
23 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
We find that, contrary to defendant's contention, the hearing testimony, viewed as a whole
(see People v Brown, 256 AD2d 414, 415 [1998]), was sufficient to support a probable
cause determination for the stop of defendant's vehicle based on the commission of a traffic
infraction. Moreover, the testimony also established that the arresting officer subsequently had
probable cause to arrest defendant. The officer testified that, after he stopped defendant's vehicle,
he observed that defendant "had a s[t]rong odor of an alcoholic beverage on his breath, glassy,
bloodshot eyes, and slurred speech when he spoke." Upon defendant performing standard field
sobriety tests, the officer noted that defendant had exhibited all six clues on the horizontal gaze
nystagmus test, which indicated that defendant was intoxicated, and defendant exhibited one out
of eight clues on the walk-and-turn test which indicated that defendant might be intoxicated.
Defendant also took a portable breath test, which had "a partial .08 reading." Furthermore,
defendant admitted drinking alcoholic beverages.
Defendant further argues that statements he made to the arresting officer prior to being
informed of his Miranda rights should have been suppressed as the fruits of an unlawful
[*3]custodial interrogation, and that statements to the two other
police officers, made subsequent to his alleged waiver of his Miranda rights, should have
been suppressed, as hiswaiver was not knowing, intelligent or voluntary, and his statements were
not spontaneous. Contrary to defendant's argument, the events occurring between the stop of his
vehicle and his arrest did not amount to a custodial interrogation which would have required
Miranda warnings (see People v Milo, 300 AD2d 680 [2002]; People v
McGreal, 190 AD2d 869 [1993]). In addition, the record clearly indicates that the arresting
officer properly informed defendant of his Miranda rights, and that defendant knowingly,
voluntarily and intelligently waived those rights (see People v Williams, 62 NY2d 285
[1984]; People v Sonam, 180 AD3d
717 [2020]; People v Benjamin,
168 AD3d 967 [2019]). In view of the foregoing, the District Court properly denied
suppression. 
Defendant further argues that his showing in support of his motion to subpoena the arresting
officer's employment and disciplinary records, and for an in camera inspection thereof, warranted
the granting of his motion pursuant to Civil Rights Law § 50-a. We note that Civil Rights
Law § 50-a has been repealed, effective June 12, 2020. We need not decide whether the
repeal should be applied retroactively since, under both Civil Rights Law § 50-a and the law
in existence prior to its enactment, effective June 21, 1976, defendant's moving papers failed to
show a factual predicate which would make it reasonably likely that the subpoenaed records
would contain matter that is "exculpatory," "material" or "relevant" (People v
Gissendanner, 48 NY2d 543, 550, 551 [1979] [setting forth the standard for discovery of law
enforcement personnel records, and noting that Civil Rights Law § 50-a did not become
effective until after the defendant's trial and that it had reached its determination "dehors the
statute"]; People v Roth, 157 AD2d 494, 495 [1990]). Consequently, the District Court
properly denied his motion.
With respect to his speeding conviction, defendant's legal sufficiency contention is
unpreserved for appellate review since, at trial, his attorney failed to raise the specific arguments
now made on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v
Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). Nevertheless,
since there is no preservation requirement associated with defendant's contention that the verdict
was against the weight of the evidence, we necessarily determine whether all of the elements of
the traffic infraction charged were proven beyond a reasonable doubt (see People v Danielson, 9 NY3d
342, 348-349 [2007]; People v
Thiel, 134 AD3d 1237 [2015]). As a different verdict would not have been unreasonable
(see People v Zephyrin, 52 AD3d
543 [2008]), this court "must, like the trier of fact below, 'weigh the relative probative force
of conflicting testimony and the relative strength of conflicting inferences that may be drawn
from the testimony' " (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People
ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]).
As part of their direct case on the charge of speeding in violation of the posted speed limit of
30 miles per hour, it was necessary for the People to establish that "the Vehicle and Traffic Law
was substantially complied with by the placement of speed signs in such a manner and at such
locations as to afford . . . defendant fair notice of the limits of speed" (People v Lathrop,
3 NY2d 551, 553 [1958]; see e.g. People
v Kennedy, 49 Misc 3d 138[A], 2015 NY Slip Op 51564[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2015]; People v
Tortora, 21 Misc 3d 146[A], 2008 NY Slip Op 52564[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2008]; 8A NY Jur 2d, Automobiles § 799; James M. Rose, New
York Vehicle and Traffic Law § 34.8 [2d ed]). [*4]Here, the
People failed to do so. During his cross-examination, the arresting officer stated that he did not
recall whether he had seen a speed limit sign while he had been pacing defendant, he just knew
that there is a sign somewhere on the road. In view of the foregoing, upon the exercise of our
factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d at
348-349), we find that the verdict convicting defendant of speeding (Vehicle and Traffic Law
§ 1180 [d]) was against the weight of the evidence.
Defendant's claims that the evidence was legally insufficient to support his convictions of
driving while ability impaired and operating an unregistered vehicle lack merit, as the evidence,
viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621
[1983]), and indulging in all reasonable inferences in the People's favor (see People v
Ford, 66 NY2d 428, 437 [1985]), was legally sufficient to establish defendant's guilt thereof
beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power (see
CPL 470.15 [5]; People v Danielson, 9 NY3d at 348-349), while according great
deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe
their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Bleakley, 69 NY2d at 495), we find that the verdicts convicting defendant of those charges
were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Defendant's contentions that he was denied a fair trial and his constitutional right to a speedy
trial are unpreserved for appellate review (see CPL 470.05 [2]; People v Jordan,
62 NY2d 825, 826 [1984]; People v
Vale, 177 AD3d 685 [2019]; People v Card, 107 AD3d 820 [2013]), and we decline to review
them in the interest of justice. We note that a "motion pursuant to CPL 330.30 does not preserve
for . . . review a contention that is not otherwise preserved" (People v Calkins, 1 AD3d 1021, 1022 [2003]; see People v Callistro, 146 AD3d
795, 797 [2017]; People v
Boley, 116 AD3d 965, 966 [2014]).
Accordingly, the judgment convicting defendant of speeding is reversed and the accusatory
instrument charging that offense is dismissed, and the judgments convicting defendant of driving
while ability impaired and operating an unregistered vehicle are affirmed.
RUDERMAN, J.P. and EMERSON, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 18, 2021