People v Salzberg (2021 NY Slip Op 50716(U))

[*1]

People v Salzberg (Priscilla)

2021 NY Slip Op 50716(U) [72 Misc 3d 134(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-879 Q CR

The People of the State of New York,
Respondent, 
against
Priscilla Salzberg, Appellant. 

Appellate Advocates (Paris C. DeYoung of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Antara D.
Kanth of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(John Zoll, J.), rendered April 19, 2018. The judgment convicted defendant, after a nonjury trial,
of attempted criminal contempt in the second degree, and imposed sentence. The appeal brings
up for review so much of an order of that court dated October 11, 2017 as, upon reargument,
denied defendant's motion to dismiss the accusatory instrument on statutory speedy trial
grounds.

ORDERED that the judgment of conviction is reversed, on the facts, and the accusatory
instrument is dismissed.
Insofar as is relevant to this appeal, defendant was charged with attempted criminal contempt
in the second degree (Penal Law §§ 110.00, 215.50 [3]) for an incident occurring on
November 2, 2015, based upon an allegation that she had attempted to violate the terms of a
lawful order of protection. In August 2017, defendant moved to dismiss the accusatory
instrument on statutory speedy trial grounds. By order dated October 11, 2017, upon reargument,
the Criminal Court denied the motion, finding that between November 2015 and August 2017 the
People were chargeable with only 56 days of delay. Opening statements were made on December
21, 2017. Subsequently, defense counsel made two oral motions to dismiss, arguing that
additional post December 21, 2017 delay should be charged to the People. The Criminal Court
denied these oral motions.
At the trial, evidence was adduced that, on October 9, 2014, an order of protection was [*2]issued to defendant in favor of the complainant after defendant had
been convicted of disorderly conduct. A senior court clerk identified People's Exhibit 3 as a
certified copy of the order of protection. The witness also testified that it appeared to her that
People's Exhibit 3 had been changed to state that it expired in 2016 instead of 2015 because the
number "6" was written over the number "5." The witness further stated that it is the court clerk
who fills out the information contained on an order of protection, and that errors are usually fixed
by crossing out the error and initialing the change. She stated that the statute provides that a final
order of protection for a disorderly conduct conviction is to last two years, and that is what the
clerks would indicate on the orders of protection. People's Exhibit 3 indicated that a copy of the
order of protection had been provided to defendant in court on October 9, 2014. Following the
testimony of the complainant and other witnesses, evidence was presented that the order of
protection required defendant to stay at least 100 yards away from the complainant, and that, on
November 2, 2015, defendant was observed less than 100 yards away from the complainant and
the complainant's home. Following the trial, the Criminal Court found defendant guilty of the
charge.
On appeal, defendant argues, among other things, that the evidence was legally insufficient
and that the verdict was against the weight of the evidence because the People failed to establish
that a valid order of protection was in effect on November 2, 2015, that defendant had knowledge
of the order of protection, and that defendant attempted to intentionally disobey the order of
protection. Defendant's contention regarding the legal sufficiency of the evidence is unpreserved
for appellate review since, at trial, she failed to raise, at the appropriate times, the specific
arguments she now makes on appeal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86
NY2d 10 [1995]).
However, there is no preservation requirement associated with defendant's contention that
the verdict was against the weight of the evidence, and this court necessarily must determine, as
part of such review, whether all of the elements of the crime charged were proven at the nonjury
trial beyond a reasonable doubt (see
People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]; People v Fox, 70 Misc 3d 139[A],
2021 NY Slip Op 50121[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). As we find
that a different verdict would not have been unreasonable (see People v Zephyrin, 52 AD3d 543[2008]), this court "must, like
the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative
strength of conflicting inferences that may be drawn from the testimony' " (People v
Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller,
291 NY 55, 62 [1943]).
Penal Law § 215.50 (3) makes it a criminal offense for a defendant to intentionally
disobey "the lawful process or other mandate of a court," which includes a final order of
protection, other than one "arising out of a labor dispute." The essential elements of the crime of
attempted criminal contempt in the second degree, as charged herein, are that a lawful order of
the court was in effect, that defendant had knowledge of the order, and that defendant attempted
to intentionally disobey the order (see Matter of McCormick v Axelrod,59 NY2d 574,
583 [1983]; People v Ali, 63 Misc 3d 70, 71 [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2019]). Defendant's contention is based on the fact that People's Exhibit 3, a certified
copy of the final order of protection issued on October 9, 2014, has an expiration date which
appears to have been changed from "10/8/15" to "10/8/16" wherein the number "6" is
superimposed over the number [*3]"5." Defendant correctly
argues that it is unknown when this change was made, or what date was actually present on the
order of protection she allegedly received in court on October 9th.
The senior court clerk testified that, in her opinion, the number change was made on the
same day defendant was sentenced, specifically because the color of the ink looks the same.
However, the witness stated that she had never seen the original order of protection and was
basing her testimony upon her view of People's Exhibit 3. Also, a detective testified that his DD5
report indicated that the complainant had informed him that the order of protection had expired
and it was not until he printed out his own copy of the order of protection from his work
computer that he believed that he had sufficient evidence to charge defendant. The detective also
stated that the order of protection he printed out was not the same as the order of protection
admitted into evidence as People's Exhibit 3. Moreover, during the detective's cross-examination,
the Criminal Court stated that it had two separate orders of protection, the "original" which
expired in 2015 and "the second one" which expired in 2016. Clearly, there exists more than one
order of protection pertaining to defendant's October 9, 2014 conviction, and the People failed to
present unequivocal evidence establishing that the change from 2015 to 2016 was made on the
order of protection prior to it being provided to defendant in court on October 9, 2014. We note
that the order of protection admitted into evidence as People's Exhibit 3 does not appear to
contain the judge's signature.
In view of the foregoing, upon the exercise of our factual review power (see CPL
470.15 [5]; People v Danielson, 9 NY3d at 348), we find that the verdict convicting
defendant of attempted criminal contempt in the second degree was against the weight of the
evidence. We reach no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021