People v Goetze (2021 NY Slip Op 51235(U))

[*1]

People v Goetze (Timothy)

2021 NY Slip Op 51235(U) [73 Misc 3d 143(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-1668 W CR

The People of the State of New York,
Respondent,
against
Timothy Goetze, Appellant. 

Thomas J. Whalen, for appellant.
Westchester County District Attorney (Brian R. Pouliot and Steven A. Bender of counsel), for
respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (JoAnn
Friia, J.), rendered September 19, 2019. The judgment, after a nonjury trial, convicted defendant
of three counts of aggravated harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, defendant was charged in an information dated
September 14, 2018 with three counts of aggravated harassment in the second degree (Penal Law
§ 240.30 [1] [a]). The case was originally commenced in the Justice Court of the Town of
Greenburgh but was transferred to the City Court of White Plains after all of the Greenburgh
judges recused themselves. Defendant subsequently moved to dismiss the information on the
ground of facial insufficiency, which motion the People opposed. The City Court (Eric Press, J.),
by order dated February 7, 2019, denied the motion. Thereafter, defendant moved to, among
other things, renew his prior motion, which motion the People opposed. By order dated July 30,
2019, the City Court (Eric Press, J.) denied the branch of defendant's motion seeking renewal.
Following a nonjury trial, defendant was convicted of all three counts, and was sentenced to
concurrent conditional discharges. On appeal, defendant contends that the information is facially
insufficient and that his statutory and constitutional speedy trial rights and his due process right
[*2]to a prompt prosecution were violated.
Penal Law § 240.30 (1) (a) provides that:
"A person is guilty of aggravated harassment in the second degree
when:
1. With intent to harass another person, the actor
...
(a) communicates, anonymously or otherwise, by telephone,
by computer or any other electronic means, or by mail, or by transmitting or delivering any other
form of communication, a threat to cause physical harm to, or unlawful harm to the property
of, such person, or a member of such person's same family or household as defined in
subdivision one of section 530.11 of the criminal procedure law, and the actor knows or
reasonably should know that such communication will cause such person to reasonably fear harm
to such person's physical safety or property, or to the physical safety or property of a member of
such person's same family or household" (emphasis
added).
Defendant argues that the information is facially insufficient
because it fails to show that he had communicated a threat of physical harm to the complainant or
his family, and does not show that defendant knew, or reasonably should have known, that his
communication would cause the complainant to reasonably fear physical harm to himself or his
family.
The information alleges the following: Defendant sent the complainant three virtually
identical emails. In each of the three emails, defendant called the complainant a "stupid ugly
kike," a "f..king stupid Jewish supremacist," and alleged the following: that an "American girl . . .
was murdered by stupid Jews," that "thousands of people . . . died in the Zionist/Israeli Mossad
engineered 911 attacks on the U.S.," and that a "white couple . . . was slaughtered by black
people in Knoxville, TN." At the end of each email, defendant wrote: "You better run and hide
you stupid f..king jew. We are coming for you and your family."
Although defendant correctly argues that he has the right to express his political views no
matter how virulent those views may be, he does not have the right to threaten physical harm to
another person as part of his political expression. A person reading the emails would reasonably
perceive them as threats to cause physical harm to the recipient or to a member of the recipient's
family or household. Consequently, the emails constituted "true threats," which "encompass
those statements where the speaker means to communicate a serious expression of an intent to
commit an act of unlawful violence to a particular individual or group of individuals"
(Virginia v Black, 538 US 343, 359 [2003]; see People v Marquan M., 24 NY3d 1, 7 [2014]; People v Mutell, 62 Misc 3d
127[A], 2018 NY Slip Op 51862[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Thus, the emails rose to the level of criminally sanctionable speech. Furthermore, defendant
reasonably should have known that such communication would cause the complainant to
reasonably fear harm to his physical safety or to the physical safety of a member of his family or
household.
Consequently, we decline to hold that the statements made by defendant in the three
consecutive emails are, as a matter of law, incapable, of constituting a true threat of physical
harm (see People v Mutell, 2018 NY Slip Op 51862[U]), and, thus, we find that the
accusatory instrument is not jurisdictionally defective.
Defendant's contentions that his statutory and constitutional speedy trial rights and his due
process right to a prompt prosecution were violated are unpreserved for appellate review, as
[*3]they are raised for the first time on appeal (see CPL
470.05 [2]; People v Jordan, 62 NY2d 825 [1984]; People v Card, 107 AD3d 820 [2013]; People v Fox, 70 Misc 3d 139[A],
2021 NY Slip Op 50121[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]), and we do
not reach these contentions in the interest of justice. In any event, review is precluded due to
defendant's failure to provide an adequate record (see People v Card, 107 AD3d 820 [2013]).
Defendant's remaining contentions either lack merit or are unpreserved for appellate
review.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021