People v Devoll (2022 NY Slip Op 50615(U))

[*1]

People v Devoll (Adam)

2022 NY Slip Op 50615(U) [75 Misc 3d 142(A)]

Decided on June 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-813 RI CR

The People of the State of New York,
Respondent, 
against
Adam Devoll, Appellant. 

Appellate Advocates (Matin B. Sawyer of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Grorge Adames of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County
(Raja Rajeswari, J.), rendered April 17, 2019. The judgment convicted defendant, upon his plea
of guilty, of driving while intoxicated (per se), and imposed sentence. The appeal from the
judgment of conviction brings up for review so much of an order of that court (Christopher J.
Robles, J.) as denied the branch of defendant's motion seeking to suppress evidence and certain
statements defendant made to law enforcement.

ORDERED that the judgment of conviction is affirmed.
In January 2018, defendant was charged with, among other things, driving while intoxicated
(per se) (Vehicle and Traffic Law § 1192 [2]). After a combined
Mapp/Huntley/Dunaway/Ingle hearing, the court denied suppression of evidence and
certain statements defendant made to law enforcement, concluding, in relevant part, that the
traffic stop was lawful because there was probable cause to believe defendant was speeding.
Subsequently, defendant pleaded guilty to driving while intoxicated (per se).
On appeal, defendant contends that the judgment of conviction should be reversed because
the court improperly denied suppression, as the stop of his vehicle was unlawful.
A traffic stop is permitted when an officer " 'has probable cause to believe that the driver of
an automobile has committed a traffic violation' " (People v Guthrie, 25 NY3d 130, 133 [2015], quoting People v
Robinson, 97 NY2d 341, 349 [2001]). "A finding of probable cause does not . . . require the
same quantum of proof necessary to sustain a conviction, or to establish a prima facie case.
Rather, it need merely appear more probable than not that [an offense] has taken place and that
the one arrested is its perpetrator" (People v Wright, 8 AD3d 304, 307 [2004] [citations and internal
quotation marks omitted]; see CPL 70.10 [2]; People v Williams, 127 AD3d 1114, 1116 [2015]; People v Fox, 70 Misc 3d 139[A],
2021 NY Slip Op 50121[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Probable
cause is established where the "facts and circumstances . . ., when viewed as a whole, would lead
a reasonable person possessing the same expertise as the arresting officer to conclude that an
offense has been or is being committed and that the defendant committed or is committing that
offense" (People v Brown, 256 AD2d 414, 415 [1998]; see People v Bigelow, 66
NY2d 417, 423 [1985]).
We find that, contrary to defendant's contention, the hearing testimony, viewed as a whole,
was sufficient to support a probable cause determination for the stop of defendant's vehicle based
on the commission of a traffic infraction, i.e., speeding. "[O]pinion evidence with regard to the
speed of moving vehicles is admissible provided that the witness who testifies first shows some
experience in observing the rate of speed of moving objects or some other satisfactory reason or
basis for his [or her] opinion" (People v Olsen, 22 NY2d 230, 231-232 [1968]; see People v Scott, 189 AD3d
2110, 2111 [2020]). The arresting officer testified that, as two vehicles, one of which was
defendant's, approached the location of his stationary patrol vehicle on the West Shore
Expressway in Staten Island, he observed that they were "very close" to each other. Although the
officer's testimony regarding the positions of each of those vehicles differed from what was
shown in the dashcam video, he testified that both vehicles were "driving fast" and going
"approximately the same speed." By his "independent visual estimation," the two vehicles were
driving 75 miles per hour in a 50 miles-per-hour zone. The officer testified that he had been
trained in visually estimating the speed of moving vehicles and that he could estimate speed
within plus or minus five miles per hour. 
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2022